IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40520

Summary Calendar
_____

RICARDO CHILDRESS,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEP'T
OF CRIMINAL JUSTICE, INST'L DIV.

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
C-95-CV-310
_____

November 25, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ricardo Childress was convicted in Texas state court for aggravated sexual assault. He is presently serving a 50-year sentence in the custody of the Texas Department of Criminal Justice, Institutional Division. Childress has appealed the district court's order denying his petition for a writ of habeas corpus.

Among other things, Childress contends that his trial attorney erred in failing (1) to move to suppress a pretrial

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statement; (2) to introduce the testimony of two physicians who had examined him and had determined that he did not have gonorrhea; (3) to object to the admission of evidence of unadjudicated extraneous offenses during the guilt and punishment phases of the trial; (4) to object to the prosecutor's improper closing argument, which discussed matters not in evidence; (5) to object to the prosecutor's argument which bolstered the victim's testimony; (6) to "stop the jury selection" after a white venireperson made an inflammatory remark; (7) to demonstrate that the victim was promiscuous; and (8) to object to questioning by the prosecutor during cross examination of Childress with regard to "what a witness not called might or could have said." He also challenges the effectiveness of his appellate counsel in failing to raise on appeal the above-listed arguments. Largely for the reasons stated by the district court, see Childress v. Johnson, No. C-95-CV-310 (S.D. Tex. Apr. 22, 1996) (unpublished), we hold that Childress has failed to demonstrate that his attorneys provided him with constitutionally ineffective assistance.

In his reply brief, Childress argues for the first time that his attorney failed to advise him to accept a plea offer from the state. We will not review issues which are initially raised in a reply brief. See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

Childress raises a number of wholly conclusion arguments in this appeal: that the Texas Court of Criminal Appeals "abused its discretion" in denying his third state petition for writ of

2

habeas corpus and that his right to due process was violated because the prosecutor urged the jury to find him guilty on a theory or for an offense which had not been charged in the indictment. Such conclusional arguments form no basis for habeas relief.

Childress also contends that his right to due process was violated when the prosecutor commented in closing argument that Childress had failed to present any witnesses. Only in the most egregious cases are prosecutorial remarks so inflammatory as to amount to constitutional violations. See Ortega v. McCotter, 808 F.2d 406, 410 (5th Cir. 1987). Here, the prosecutor merely argued that Childress had failed to present any evidence to support a claim made by Childress's attorney in closing.

AFFIRMED.